No. 7037.

## MRS. JENA THOMAS v. YOUNG MEN'S MAGNOLIA BEN. ASS'N.

### Syllabus.

1. Where the by-laws of a mutual benefit society provide a death benefit for the wife of a deceased member, she acquires a right therto by virtue of the by-laws; and where a member registers his concubine as his wife, it is a fraud upon the association which cannot benefit the concubine or prejudice the lawful wife.

Appeal from the Civil District Court for the Parish of Orleans, No. 7, Division "E"; Honorable George H. Théard, Judge. Affirmed.

R. A. Tichenor & Charles A. Willie, for plaintiff and appellant.

H. J. Rhodes & A. G. Williams, for defendant and appellee.

His Honor, JOHN ST. PAUL, rendered the opinion and decree of the Court, as follows:

Jomon Thomas joined the Young Mens Magnolia Benevolent Association. Under its by-laws it was provided, that "at the death of an active member, each member will be compelled to pay an assesssment of fifty cents for his widow or legal representative * * * Only the legitimate family will be recognized by the association."

Thomas had a legitimate wife, named Rosa Collins; and a concubine named Jena, who called herself by his name. When he became a member of the association he ignored his lawful wife Rosa Collins, and registered his concubine, Jena, as his lawful wife.

363

At his death both women claimed the fund, and the association has deposited it in Court for the benefit of that one who may be entitled to it.

We hold that under the very plain terms of the by-laws, the association is liable to the true and lawful wife of the deceased whoever she may be; in this case Rosa Collins.

The act of Thomas, in registering the woman Jena, as his lawful wife was a fraud upon the association, and she can take nothing by it.

In other words, we hold that the association never intended that the benefit should accrue to any one but the lawful wife of the deceased, and that their deposit of the amount in Court means simply that they are willing to pay the same to the lawful wife whoever she may be.

It is therefore unnecessary to consider what might have been had the association intended something else.

The judgment appealed from awarded the amount to Rosa Collins, intervenor herein, and that judgment appears correct.

Judgment affirmed.

Opinion and decree, May 14th, 1917.